# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BANK POLICY INSTITUTE, OHIO CHAMBER OF COMMERCE, OHIO BANKERS LEAGUE, AMERICAN BANKERS ASSOCIATION and CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,<br><br>　　　　　Defendant. | Case No. 2:24-cv-04300<br>District Judge Algenon L. Marbley<br>Magistrate Judge Chelsey M. Vascura |

### Amended Joint Motion To Set Case And Briefing Schedule[1]

This is a lawsuit under the Administrative Procedure Act challenging the current stress-testing process used by the Board of Governors of the Federal Reserve System (the "Board") to establish certain bank capital requirements.  Plaintiffs, a coalition of trade associations representing banks subject to the stress-testing process, maintain that the current stress-testing process annually imposes substantial unjustified costs and violates their members' constitutional rights; they therefore seek relief that will take effect by the start of the 2026 stress-testing cycle, which is scheduled to begin in January 2026.  The Board takes a different view, but is currently undertaking a process to revise its stress-testing framework.

With that backdrop, and after meeting and conferring multiple times, Plaintiffs and the Board have agreed to jointly propose a schedule to govern further proceedings that would allow

---

[1] The parties respectfully file this amended motion to attach a proposed order granting the motion on the docket, in compliance with an instruction from chambers via email.  This amended motion is otherwise substantively unchanged from the version filed at ECF No. 31.

the case to be briefed on the merits by June 2025. Plaintiffs respectfully request that the Court then rule on the parties' cross-motions for summary judgment **by October 31, 2025**. A decision by that date would help ensure that any changes to the stress-testing process can be put in place before January 2026, in time to allow a smooth transition to a new stress-testing process without motions practice seeking preliminary relief. It would also afford either party an opportunity to appeal to the Sixth Circuit prior to the commencement of the 2026 process.

In the interest of judicial efficiency, the parties propose the Court adopt a schedule pursuant to which the Board certifies a list of the contents of the administrative record by March 7, 2025, which is ten days before the currently operative deadline for the Board's answer, with consolidated briefing on the parties' dispositive motions commencing soon thereafter. Because this case turns solely on the administrative record, the parties do not currently believe any discovery will be necessary and agree that a report under Federal Rule of Civil Procedure 26(f) is unnecessary.[2] Plaintiffs further agree to waive the Board's obligation to file an answer to the Complaint. For similar reasons, the parties request that the Court waive the requirement to file statements of undisputed material fact with their dispositive motions.

Consistent with the above, the parties jointly and respectfully request that the Court adopt the following deadlines and page limits:

- The Board will certify a list of the contents of the administrative record by **March 7, 2025**.

- Plaintiffs will move for summary judgment by **March 21, 2025**, and file a brief of no more than 45 pages. (The parties respectfully request additional pages for briefing because this case concerns several different regulatory actions taken by the Board in 2019, 2020, and in subsequent years, and because the Complaint asserts seven different causes of action.)

---

[2] In the event of a dispute about the contents of the administrative record, the parties agree to revisit this proposed schedule as necessary. The parties do not currently anticipate any such dispute.

- The Board will move for summary judgment and oppose Plaintiffs' motion by **April 29, 2025**, and file a consolidated brief of no more than 60 pages.

- Plaintiffs will file a consolidated opposition and reply brief of no more than 45 pages by **May 27, 2025**.

- The Board will file a reply brief of no more than 30 pages by **June 17, 2025**.

\*   \*   \*

For these reasons, the parties jointly and respectfully request that the Court enter an order adopting the schedule and briefing structure proposed above, including a suspension of: (1) the Board's obligation to file an answer to the Complaint; (2) the parties' obligation to file a report under Rule 26(f); and (3) the requirement to file statements of undisputed material fact alongside motions for summary judgment.  Plaintiffs further respectfully request that the Court enter a final decision on the merits by October 31, 2025.[3]  A proposed scheduling order is attached.

Dated:  February 7, 2025

Respectfully submitted,

*/s/ James A. King*
James A. King (No. 0040270)
Trial Attorney
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, Suites 2800 - 3200
Columbus, OH 43215
Telephone:  (614) 227-2051
Facsimile:  (614) 227-2100
jking@porterwright.com

*Attorneys for Plaintiffs Bank Policy Institute, Ohio Chamber of Commerce, Ohio Bankers League, American Bankers Association, and Chamber of Commerce of the United States of America*

*/s/ Eugene Scalia*
Eugene Scalia\*
Matt Gregory\*
Max E. Schulman\*
Giuliana C. Cipollone\*
Olivia R. Goldberg\*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
escalia@gibsondunn.com
mgregory@gibsondunn.com
mschulman@gibsondunn.com
gcarozzacipollone@gibsondunn.com
ogoldberg@gibsondunn.com

---

[3] Should the Board's process to revise its stress-testing framework reach a point at which the parties believe a stay of further proceedings may facilitate resolution of the matter, the parties may request such a stay from the Court.

/s/  Joshua P. Chadwick
Joshua P. Chadwick
   Assistant General Counsel, Trial Attorney
Nicholas Jabbour
Monika Moore
   Senior Counsels
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C.  20551
joshua.p.chadwick@frb.gov
(202) 263-4835

*Attorneys for the Board of Governors of the Federal Reserve System*

Don Boyd (No. 0089180)
OHIO BANKERS LEAGUE
4215 Worth Avenue, Suite 300
Columbus, OH 43219
Telephone:     (614) 340-7595

*Attorney for Plaintiff Ohio Bankers League*

John Court*
Sarah Flowers*
BANK POLICY INSTITUTE
1300 Eye Street, N.W., Suite 1100 West
Washington, D.C. 20005
Telephone:     (202) 289-4322

*Attorneys for Plaintiff Bank Policy Institute*

Thomas J. Pinder*
Andrew Doersam*
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone:     (202) 663-5035

*Attorneys for Plaintiff American Bankers Association*

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Bank Policy Institute, Ohio Chamber of Commerce, Ohio Bankers League, American Bankers Association, and Chamber of Commerce of the United States of America*

Tony Long (No. 0037784)*
OHIO CHAMBER OF COMMERCE
34 South Third Street, Suite 100
Columbus, OH 43215
Telephone:     (614) 228-4201

*Attorney for Plaintiff Ohio Chamber of Commerce*

Mariel A. Brookins*
U.S. CHAMBER LITIGATION CENTER
1615 H Street, N.W.
Washington, D.C. 20062
Telephone:     (202) 463-5337

*Attorney for Plaintiff Chamber of Commerce of the United States of America*